### BLAKE *v.* MOORE *et al.*

#### (*Supreme Court, General Term, Second Department.    July 18, 1890.*)

MORTGAGE—TRANSFER OF PROPERTY—RELEASE OF MORTGAGOR.
  Where a mortgagor, who had conveyed the premises to another subject to the mortgage, claims a release from liability on the ground that he notified the mortgagee to foreclose when the mortgage became due, which was not done, a judgment against him will not be disturbed when the notice relied on was given verbally at a casual meeting in the street, was not followed up in any way, and was of such a character that the mortgagee might well have failed to understand that he was required to elect between immediate action and a discharge of the mortgagor from personal liability.

Appeal from special term.

Action to foreclose a mortgage, brought by John Blake against Anson B. Moore, George E. Apsley, Charles A. Moran, William H. Guion and Amanda Guion, his wife, Perry B. Williams; individually and as trustee, Avery T. Brown, as assignee of William H. Guion, and Charles E. Powell.    The mortgage was executed by Moore and wife, who shortly afterwards conveyed the mortgaged property to William H. Guion, subject to the mortgage.    The mortgagor depended upon the ground that he had notified the plaintiff to proceed promptly by foreclosure, when the mortgage became due, and that, by reason of plaintiff's failure to do so, he was discharged.    The court ordered a foreclosure, and entered judgment against the mortgagor for a deficiency. From this judgment he appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*A. J. Moore*, for appellant.    *S. P. & J. McL. Nash*, for respondents.

PRATT, J.    The defense depends upon the question of fact whether the maker of the bond and mortgage notified the mortgagee to proceed promptly to collect the amount due.    The court below refused to find that such a demand was made.    The rule that the findings of a trial court on a question of fact will not be reversed where there is evidence to sustain it is applied with great rigor, and requires that the judgment be affirmed; and, while it may seem that the conclusion reached below upon the facts was opposed to the weight of evidence, it is plain that a good deal may be said to support the decision there reached.    It is not too much to ask, if a mortgagor seeks to be relieved from the obligation to pay the mortgage debt upon the grounds urged here, that the evidence shall be clear and conclusive beyond a reasonable doubt.    The court may well desire that the notice to the mortgagee to enforce the debt should be in writing, in order that the terms may not be open to dispute.    If the intention of the mortgagor to resist any personal obligation in case the mortgagee does not proceed promptly is clearly expressed in writing, the court would be able to see that the notice was seriously given, and should have been seriously regarded.    In the present case the notice is alleged to have been given at a casual meeting on the street, was verbal merely, does not appear to have been repeated or in any way followed up, although one version of the interview seemed to indicate that a further interview would be had.    If we endeavor to harmonize the evidence on the theory that each party speaks the truth to the best of his recollection, we should probably believe that at a casual interview some discussion on the subject took place which was not sufficiently clear or definite to impress itself upon the mind of the mortgagee, and which failed to make him understand that he must elect between

immediate action to collect the debt on the one hand, and a discharge of the personal obligation of the mortgagor upon the other. Judgment affirmed, with costs. All concur.